IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| JERRY EADS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00826 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| K. TATUM, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Plaintiff Jerry Eads, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Defendants K. Tatum and Lt. Mullins. Having reviewed the complaint, the court concludes that Eads fails to state a cognizable § 1983 claim against the named defendants. Therefore, the court will dismiss Eads's complaint under 28 U.S.C. § 1915A(b)(1).

Eads alleges, *in toto*, that he "had to be put in seg[regation] for [his] own protection [and] th[e]y took [his] days of good time and [his] procedure, etc." (Compl. at 2 [ECF No. 1].) The defendants' names appear only in the caption of the case and Eads does not allege any fact against either of them. By order entered January 23, 2024, the court advised Eads that his complaint failed to state a claim under § 1983 against the named defendants and gave him the opportunity to file an amended complaint. (*See* ECF No. 11.) The court warned Eads that if he failed to file an amended complaint within the time allotted, the court would "assume that plaintiff stands on his current complaint and waives his right to amend." (*Id.*) The court further warned Eads that failure to amend his complaint "may result in dismissal of the complaint." (*Id.*) More than 21 days have passed, and Eads has not filed an amended complaint or responded to the court's order in any way.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Despite being given the opportunity to amend his complaint, Eads fails to allege any fact against the named defendants and, thus, the court cannot determine that the defendants were involved at all in violating his rights. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Eads.

**ENTERED** this 23rd day of February, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE